### RUSSELL JENKS *vs.* INHABITANTS OF WILBRAHAM.

A loaded wagon, while the driver was using reasonable care, was strained and injured by a defect in the highway, and the driver stopped, examined it, proceeded on his journey, and after passing over a rough and muddy road, and while on a smooth and level road, the axletree broke and he was thrown from the wagon and injured. *Held*, that the breaking of the axletree had been caused in part by the driver proceeding on his journey after the first injury to it, and there was no sufficient evidence to be submitted to the jury in support of an action by the driver against the town for the personal injury to him

MERRICK, J.   This action is brought to recover damages for an injury sustained by the plaintiff by means of a defect in the highway upon which he was travelling in a wagon loaded with wood for the market in Springfield.   He was himself a witness upon the trial, and his testimony was the only evidence submitted to the jury in relation to the circumstances under which the alleged injury occurred.   The defendants requested that the jury should be instructed that upon this testimony, taking it to be true, the present action could not be maintained.   This was equivalent to an assertion that, upon the facts disclosed, the town was not liable to any action on account of the alleged injury sustained by the plaintiff, because, upon a true construction of the provisions of the statute, it could not be said to have been " received or suffered through any defect or want of repair in or upon any highway."   *St.* 1850, *c. 5.*   The instruction asked for was refused.

It is unnecessary to examine or consider the instructions which were actually given to the jury, under which their verdict for the plaintiff was rendered; because if, upon the admitted facts, he was not legally entitled to maintain any action for the recovery of damages for the alleged injury, there was no occasion to submit any question whatever to their determination.

It is now an established principle of law, that, upon a true construction of the provisions of the statute, towns are responsible only for direct and immediate losses occasioned by defects in highways, which they are required to keep in safe and convenient condition for public use.   It follows, as a necessary consequence from this proposition, that towns are not responsible for injuries arising from more remote or other intervening and efficient concurring causes.   *Marble* v. *Worcester*, 4 Gray, 395. Subjected to the test of this principle, it is manifest that for the alleged personal injury to the plaintiff, occurring under the circumstances disclosed in his testimony, the defendants are not responsible, and that no action can be maintained against them on account of it.

There was a hole in the road at a narrow stone bridge over a

sluice way constructed there. This was such a defect as made the town amenable for all injuries suffered or received by means of it. While using due care, the wheel of the wagon in which the plaintiff was travelling accidentally got into this hole, and was thereby so strained and wrenched as to spread out of its place at the lower part about the width of the felly. For this injury to its full extent the town was clearly responsible, for it was the direct and immediate consequence of the defect. But the plaintiff hauled the wheel out of the hole and got his wagon into a perfectly safe place, and there stopped, got off from his load and deliberately made all the examination which appeared to have been thought at that time necessary or useful. The injury had been done ; but the cause by which it was produced, namely, the force applied to the wheel as it fell into the hole, and while being extricated from it, ceased to have any influence or effect as soon as the wagon was stopped and was completely under the plaintiff's control in a place of safety. If no new cause had intervened or been put in operation, the subsequent injury to his person could not possibly have occurred. But it appears that after he had full opportunity to examine and ascertain how far his wagon was disabled, and whether in view of its then condition it would be expedient to proceed with it, he decided that he would go on. He accordingly again set the wagon in motion ; and after driving a distance of two hundred and thirty six rods over a road where travel was impeded by mud and deep ruts, though not to an extent which would make the town chargeable for injuries occurring upon it for want of repairs, and then arriving upon a part of it which was smooth and level, one of the axletrees suddenly broke off, and he was thrown from his load and injured in his spine. This accident in this place certainly cannot be considered the direct and immediate effect of the fall of the wheel into the hole at the stone bridge. The most that can be affirmed of it is that it happened after the occurrence of the first injury, and that it is very probable that the axletree would not then have been broken off if it had not been previously wrenched and cracked by means of the defect in the highway.

But it is certain that it would not have been broken as it was, if the new force which was voluntarily applied and used by the plaintiff had not been put in operation in the further carriage of his load after the cause by which the wheel was first strained and thrown out of its proper place had been spent and exhausted. The former then was only the remote, while the latter was at least a newly intervening and efficient concurring, if not, as we deem it was, a distinct and direct cause of the injury suffered by the plaintiff. The town therefore was not responsible for it, and no verdict could be rendered in his behalf in conformity to law, or under any proper instructions which could have been given to the jury. Those which were asked by the defendants should therefore have been given, and the omission to comply with their request furnished just ground of exception.

*Exceptions sustained.*

*R. A. Chapman,* for the defendants.
*S. T. Spaulding,* for the plaintiff.